**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ex rel. LEANN MARSHALL, and ) <br> LEANN MARSHALL, INDIVIDUALLY, ) <br> ) <br> STATE OF TENNESSEE, ) <br> ex rel. LEANN MARSHALL, and ) <br> LEANN MARSHALL, INDIVIDUALLY, ) <br> ) <br>     Plaintiffs/Relators, ) <br> ) <br> v. ) <br> ) <br> UNIVERSITY OF TN MEDICAL CENTER HOME ) <br> CARE SERVICES, LLC, and LHC GROUP, INC., ) <br> ) <br>     Defendants. ) | Civ. No. 3:17-cv-96 <br> Hon. Judge Collier <br><br> JURY DEMAND |

*************************************************************************

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ) <br> VIB PARTNERS, ) <br> ) <br>     Plaintiff/Relator, ) <br> ) <br> v. ) <br> ) <br> LHC GROUP, INC., ) <br> ) <br>     Defendant. ) | Civ. No. 3:19-cv-84 <br> Hon. Judge Collier <br><br> JURY DEMAND |

_____

## RELATORS' UNOPPOSED MOTION TO CONSOLIDATE CASES
_____

Pursuant to Federal Rule of Civil Procedure 42(a), Relator LeAnn Marshall ("Marshall") and Relator VIB Partners ("VIB") jointly move this Honorable Court for an order consolidating the above-captioned actions—i.e., *United States et al. ex rel. Marshall v. LHC Group, Inc. et al.*, 3:17-cv-00096-CLC-DCP (E.D. Tenn.) (the "Marshall case"), and *United States et al. ex rel. VIB*

*Partners v. LHC Group, Inc.*, 3:19-cv-00084-CLC-DCP (E.D. Tenn.) (the "VIB case").[1] Consolidation of the Marshall and VIB cases is appropriate because: (1) both share common questions of law and fact and largely involve the same defendants; and (2) consolidation will promote judicial economy because both cases are before this Court, and the parties intend to file similar and/or related pleadings.

Relators have conferred with Defendants about this Motion. The Parties agree that consolidation would not waive any Parties' rights to assert any arguments that could have been made separately in either matter, including under 31 U.S.C. § 3730(b)(5), 31 U.S.C. § 3730(e), or any other appropriate statute or rule. Rather, consolidation is requested as a procedural device to promote judicial efficiency and eliminate the likelihood of overlapping briefing in both matters. Without waiving their rights to raise arguments with regard to either Marshall or VIB, Defendants consent to consolidation. Relators have also conferred with the United States, and it does not oppose consolidation of the two matters.

## BACKGROUND

Relator Marshall filed a *qui tam* complaint on March 16, 2017, against the University of Tennessee Medical Center and LHC Group, Inc. ("LHC"). (Marshall Doc. 2). Her complaint alleged violations of the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, and the Tennessee Medicaid False Claims Act ("TN FCA"), Tenn. Code Ann. § 71-5-181 *et seq.* Relator VIB filed a *qui tam* complaint on June 26, 2017, against LHC in which VIB alleged violations of the FCA. (VIB Doc. 1).

After the Marshall and VIB complaints were filed and served on the Government, the United States investigated the allegations raised in each of the cases. On March 1, 2019, the United

---

[1] This Motion will be filed in both the Marshall and VIB cases.

States moved to transfer the VIB case to the Eastern District of Tennessee, where the Marshall case was pending. (VIB Doc. 27). The Court granted the transfer request on March 8, 2019, and the case was transferred to this District on March 12, 2019. (VIB Docs. 29-30). As a result of that transfer, both the VIB and Marshall cases are now pending before this Court. Subsequently, on February 6, 2020, the United States filed a Notice that it was declining to intervene in both the Marshall and the VIB cases. (Marshall Doc. 29; VIB Doc. 43). Both cases were unsealed on March 4, 2020. (Marshall Doc. 30; VIB Doc. 44).

Relators obtained waivers of service of summons from Defendants, and those were executed and filed in the Marshall and VIB cases on May 28, 2020. (Marshall Doc. 31-33; VIB Doc. 45). Based on that date, Defendants' deadline to answer or otherwise respond is July 20, 2020. Fed. R. Civ. P. 12(a)(1)(A)(ii).

In addition, pertinent to this Motion, Marshall and VIB have executed an agreement to jointly prosecute the actions and are now represented by the same counsel in both cases.

## ARGUMENT

Consolidation of cases is governed by Federal Rule of Civil Procedure 42(a), which provides "[i]f actions before the court involve a common question of law or fact, the court may…consolidate the actions." Fed. R. Civ. P. 42(a)(2). The decision to consolidate cases is within the district court's discretion, though it should take care that consolidation does not result in an unfair advantage or unavoidable prejudice. *Blanchard v. TVA*, No. 3:09-CV-09, 2010 U.S. Dist. LEXIS 67934, *6 (E.D. Tenn. Jul. 8, 2010) (citing *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993)).

Consolidation may be appropriate even where the parties and issues are not identical, so long as the common questions of law or fact are central issues. *Corning Inc. v. DHL Holdings*

*(USA), Inc.*, No. 06-206-KSF, 2006 U.S. Dist. LEXIS 104659, *7 (E.D. Ky. Oct. 26, 2006). Once a court determines that there are common questions of law or fact, it should then consider the following four factors:

> [1] the risk of inconsistent adjudications of common factual and legal issues, [2] the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, [3] the length of time required to conclude multiple suits as against a single one, and [4] the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Cantrell*, 999 F.2d at 1011. The burden is on the party seeking consolidation to convince the court that consolidation is warranted. *Corning*, 2006 U.S. Dist. LEXIS 104659 at *7.

In the Sixth Circuit, courts have regularly consolidated FCA cases brought by different relators. *See, e.g., United States ex rel. Martin v. Life Care Ctrs. of Am., Inc.*, 912 F.Supp.2d 618 (E.D. Tenn. Nov. 15, 2012) (granting consolidation of *qui tam* cases sought prior to the Government's intervention decision); *United States ex rel. Alt v. Anesthesia Servs. Assocs., PLLC*, No. 3:16-cv-0549, 2019 U.S. Dist. LEXIS 223011 (M.D. Tenn. Dec. 31, 2019) (discussing the consolidation of five *qui tam* cases); *United States ex rel. Hayward v. SavaSeniorCare, LLC*, No. 3:11-00821, 2016 U.S. Dist. LEXIS 132336 (M.D. Tenn. Sep. 27, 2016) (discussing the consolidation of three *qui tam* cases and the filing of a consolidated complaint); *United States ex rel. Tillson v. Lockheed Martin Energy Sys.*, Nos. 5:00CV-39-M, 5:99CV-170-M, 2004 U.S. Dist. LEXIS 22246 (W.D. Ky. Sep. 29, 2004) (consolidating cases while evaluating motions to dismiss).

Here, both the Marshall and VIB cases have alleged schemes against LHC relating generally to the upcoding of claims to government healthcare programs. (Marshall Doc 2; VIB Doc. 1). While Defendants may argue that certain schemes are first-filed in the Marshall case or first-filed in the VIB case—and Relators, by this motion, do not by concede such arguments—the

Parties agree that the allegations will involve common facts and present similar legal issues under the same (i.e., the FCA) and similar (i.e., the TN FCA) statutes.

Relators also believe consolidation will conserve judicial, as well as party, resources. Neither complaint has been amended, so each relator may amend without seeking leave to do so pursuant to Fed. R. Civ. P. 15(a)(1)(B), which permits amendment as of right up to 21 days after a responsive pleading. Relators' attorneys have advised Defendants' counsel that Relators intend to amend, and the Parties have worked out an agreed-upon schedule to amend prior to the filing of a motion to dismiss, so that no unnecessary pleadings are filed. Here, the duplication would be exacerbated by the filing of an amended complaint in the Marshall case and an amended complaint in the VIB case, followed inevitably by two separate motions to dismiss. Relators seek to avoid such duplication by consolidating the actions and filing one consolidated amended complaint. Both the Marshall and VIB cases are already before the same Court, and the Relators and Defendants are represented by the same respective counsel in both cases. Consolidation will thus obviate the need for those same attorneys to respond to two sets of case deadlines in two different matters involving common questions of law and fact.

Relators anticipate that one of the issues to be briefed in motions to dismiss is whether particular schemes alleged in each complaint are distinct and whether there are first-to-file issues that implicate 31 U.S.C. §3730(b)(5). *Cf. Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 476, 127 S. Ct. 1397, 1410 (2007) (distinct claims evaluated separately under public disclosure challenge); *Tillson*, 2004 U.S. Dist. LEXIS 22246, at *19 (claim by claim analysis appropriate in evaluating first-to-file issues). Because these arguments will go the timing of the original, not amended, complaints, the filing of one consolidated amended complaint does not prejudice

Defendants' entitlement to raise arguments on motions to dismiss.[2] *E.g., United States ex rel. Johnson v. Shell Oil Co.*, No. 9:96 CV 66, 1998 U.S. Dist. LEXIS 23724, at *20-21 (E.D. Tex. Dec. 8, 1998) (evaluating first-to-file arguments as to each relator subsequent to consolidating *qui tam* complaints); *United States ex rel. Doghramji v. Cmty. Health Sys.*, No. 3:11-00442, 2015 U.S. Dist. LEXIS 178394 at *15-16 (M.D. Tenn. Feb. 25, 2015) (granting defendants' motion to consolidate *qui tam* cases to facilitate first-to-file analyses as to attorneys' fees).

Here, consolidation is a procedural vehicle that will promote judicial economy and litigation efficiency and is not expected to have a substantive effect on arguments to be made on behalf of any Party. Consolidation will not operate a waiver of any argument the Parties may make in a motion to dismiss or in opposing the same. Under consolidation, Defendants will respond to one complaint instead of two, and the Parties will engage in discovery in and trial of one case. Consolidation will also simplify the Parties' ability to file papers and streamline the Court's ability to rule. Thus, consolidation is appropriate under each of the factors identified by the Sixth Circuit. *See, e.g.*, *Blanchard*, 2010 U.S. Dist. LEXIS 67934 at *6 (citing *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993)).

As part of this request, and to accommodate the efficiencies sought herein, Relators also submit, for the Court's approval, a modified briefing schedule that has been stipulated to by the Parties. That stipulated briefing schedule is reflected below and is submitted as part of the attached Proposed Stipulated Order:

> Within 30 days of the Court's Order on this Motion, Relators will file a Consolidated Amended Complaint (or separate amended complaints, as appropriate under the Court's Order);

---

[2] For example, from a practical perspective, even if Defendants successfully challenged one or the other Relator's first-filed status with regard to any particular scheme, that scheme would still be pending against LHC, before the same Court, and prosecuted by the same counsel (and by both Relators, under a joint prosecution agreement).

Within 45 days thereafter, Defendants will file their motion (or motions, as appropriate) to dismiss;

Within 30 days thereafter, Relator will respond to the motion (or motions) to dismiss; and

Within 14 days thereafter, Defendants will file their reply (or replies).

## **CONCLUSION**

Accordingly, for all of the foregoing reasons, Relators Marshall and VIB jointly and respectfully request for this Honorable Court consolidate their respective actions.

Respectfully submitted,

Dated: July 10, 2020

*s/Jennifer M. Verkamp*
Jennifer M. Verkamp* (OH 0067198)
MORGAN VERKAMP LLC
35 East 7th Street, Suite 600
Cincinnati, OH 45202
Telephone: (513) 651-4400
Fax: (513) 651-4405
Email: jverkamp@morganverkamp.com
*Admitted Pro Hac Vice*

Stephen J. Zralek (BPR 19871)
BONE MCALLESTER NORTON PLLC
511 Union Street, Suite 1600
Nashville City Center
Nashville, Tennessee 37219
Telephone: (615) 238-6305
szralek@bonelaw.com

*Counsel for Relator*

## **CERTIFICATE OF SERVICE**

I certify that, on July 10, 2020, copies of the foregoing were served on all counsel of record through the Court's ECF system.

*s/Jennifer M. Verkamp*
Jennifer M. Verkamp